The Hon. Thomas T. FRAMPTON, The Honorable Michael J. Wherry, and Court Appointed Master Thomas R. Dobson, Petitioners,

v.

The PENNSYLVANIA HUMAN RELATIONS COMMISSION, (Venice Kinsler, Real Party In Interest), Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 1995.

Decided Dec. 26, 1995.

A. Taylor Williams, for petitioners.

Nancy L. Gippert, Assistant Chief Counsel, for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and NEWMAN, JJ.

McGINLEY, Judge.

The Honorable Thomas T. Frampton, the Honorable Michael J. Wherry and Court Appointed Master Thomas R. Dobson (collectively Petitioners) appeal from an interlocutory order of the Pennsylvania Human Relations Commission (Commission) which denied Petitioners' request for reconsideration of a Commission decision or in the alternative for certification that a substantial issue of jurisdiction exists permitting immediate appeal to this Court under 210 Pa. Code § 312.

Petitioners are judicial officers in the Court of Common Pleas of Mercer County where Venice Kinsler (Kinsler) appeared as a defendant in divorce proceedings. On March 4, 1994, Kinsler filed a complaint with the Commission alleging that she suffers from multiple chemical sensitivity and that Petitioners discriminated against her by not providing a chemical-free environment in which to conduct her divorce proceedings in violation of the Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §§ 951–963.

On May 6, 1994, Petitioners filed a motion to dismiss for lack of jurisdiction or in the alternative for certification of the issue for immediate appeal. By order dated November 17, 1994, the Commission denied Petitioners' motion and Petitioners requested reconsideration. Thereafter, the Commission denied reconsideration and refused to certify the issue for appellate review. Petitioners have filed the present petition for review which this Court permitted pursuant to Pa. R.A.P. 1311.

■ Although Petitioners raise three issues in their brief the question presented in this petition for review is more succinctly stated as follows: whether the Commission has the power to overrule a decision of judicial officers denying requested accommodations to a litigant who claims disability during a judicial proceeding.[1]

Petitioners maintain that the doctrine of separation of powers authorizes judicial officers to render decisions relating to the necessity of accommodations for litigants without interference from another branch of government. Accordingly, Petitioners contend that an assertion of jurisdiction by the Commission in the present matter constitutes a usurpation of the judicial function and is contrary to the constitutional doctrine of separation of powers.

In support of this contention Petitioners cite *Court of Common Pleas of Erie County, Pennsylvania v. Human Relations Commission,* 653 A.2d 1312 (Pa.Cmwlth.1994), *petition for allowance of appeal granted,* 541 Pa. 628, 661 A.2d 875 (1995), where this Court held that the Commission does not have jurisdiction to overrule a common pleas court's decision to discharge an employee. This Court in *Erie* noted that judicial authority over court personnel is an essential element of the judicial function and "may not, consistent with the constitutional doctrine of separation of powers, be policed, encroached upon, or diminished by another branch of government." *Erie,* 653 A.2d at 1314 (citing *Beckert v. American Federation of State, County and Municipal Employees* 56 Pa. Cmwlth. 572, 425 A.2d 859, 862 (1981)). Petitioners argue that the ability of the judicial officer to control the courtroom is also, if not more so, an essential element of the judicial function which is not to be intruded upon. The Commission contends that allowing an investigation concerning the alleged denial of a reasonable accommodation does not intrude upon judicial independence or the function of the judiciary. We disagree.

Judicial officers are charged with providing a fair forum for all litigants. The Commission's assertion of jurisdiction in the

---

1. We note that the first issue in Petitioners' statement of the questions presented is whether the Commission erred in failing to certify for immediate appeal its interlocutory order asserting jurisdiction over Petitioners. Because this Court granted Petitioners' petition for review under the official note to Pa.R.A.P. 1311, this issue is moot.

present matter constitutes an unwarranted interference with the judiciary's authority to regulate court practice and procedure.

■ The Commission also contends that if it does not have jurisdiction over this litigant's allegations, the litigant is left without a remedy. The Commission maintains that the PHRA provides the citizens of the Commonwealth with a right to be reasonably accommodated and that the Commission has the duty to investigate any alleged violations.

The judicial officers in the present matter issued an order which reflected their findings that Kinsler's chemical sensitivity did not affect her ability to participate in the proceedings before the court. If Kinsler believes that the judicial officers' determination was unjust and that her ability to participate in the divorce proceedings was compromised then she has the option of appealing the final outcome of her divorce proceedings to the Superior Court on that ground.

■ Petitioners also assert that the issue of Kinsler's disability is inextricably intertwined with the issues in the divorce proceeding and the Commission is without any jurisdiction. Petitioners note that Kinsler's allegations in her complaint concerning the accommodations she demands contradict the judicial finding of fact that her chemical sensitivity did not affect her ability to meaningfully participate in the proceedings before the court. The Commission contends that the accommodation issue should be isolated from the issues being litigated in the underlying case. Petitioners assert that because Kinsler's disability is an issue in the underlying proceeding, the accommodation issue cannot be separated and tried by the Commission. We agree with Petitioners.

The record establishes that Kinsler was represented by counsel at each stage of the proceedings in Mercer County. The judicial officers heard medical and other testimony regarding the causes and extent of Kinsler's illness in order to determine issues related to equitable and spousal support. Based on this evidence the judicial officers were also able to render a determination as to Kinsler's need for special accommodations. Simply put, the Commission does not have the authority to substitute its view of Kinsler's disability and need for accommodation for that of the judiciary. As noted earlier, any dispute concerning the judicial determination may be addressed to the Superior Court, not to the Commission.

The order of the Commission asserting jurisdiction over any judicial accommodation determinations made in the course of Kinsler's divorce proceeding is reversed.

## ORDER

AND NOW, to wit, this 26th day of December, 1995, the order of the Pennsylvania Human Relations Commission (Commission) at No. H–6254, dated April 6, 1995, is reversed on the basis that the Commission lacked jurisdiction and is therefore void.

DOYLE, Judge, concurring.

I join the majority opinion and write separately only to observe that the Petitioners in this case were acting completely within the scope of their authority as members of the judiciary and in their judicial capacity and not as an employer which was the situation in *Court of Common Pleas of Erie County, Pennsylvania v. Pennsylvania Human Relations Commission,* 653 A.2d 1312 (Pa. Cmwlth.1994) (Doyle J. dissenting), *petition for allowance of appeal granted,* 541 Pa. 628, 661 A.2d 875 (1995).

SMITH, J., joins in this concurring opinion.